Ruffin, C. J.
 

 The interest of a vendee of land, where the contract rests in articles for a conveyance, when the purchase money shall have been paid, is not the subject of sale under execution at law, while the purchase money, or any part, remains unpaid. After the payment of the price, it was held in
 
 Henderson
 
 v.
 
 Hoke,
 
 1 Dev. and Bat. Eq. 119, that it may be sold as a trust estate, within the Act of 1812. But until payment there is not a pure trust for the vendee, upon the sale and conveyance of which, it was the purpose to displace the legal estate. Neither is it an equity of redemption, properly speaking. It is true that the legal estate is regarded, in equity, as being retained by the vendor as a security for the pm-chase money; but still it is not a security of the character of a mortgage, upon which an equity of redemption arises. There is no loan of money — no previous property in the vendor, which he, as a mortgagor, is to redeem but the security is for the price of the land bargained for, and the right of the vendee is to a specific performance of an executory contract. There has been no instance yet, in which this interest was held to be saleable, under the Act of 1812, either as a trust, or an equity of redemption; nor any principle laid down, as far as we remember, from
 
 *500
 
 which that could be adduced. And we do not feel at liberty to carry the Act beyond its words, except in such cases as
 
 Thorpe
 
 v.
 
 Ricks,
 
 1 Dev. and Bat. 613.
 
 Pool
 
 v.
 
 Glover,
 
 2 Ired. 129, and
 
 Harrison
 
 v.
 
 Battle,
 
 1 Dev. Eq. 637, in which the Court was unavoidably compelled to go beyond the literal terms of the Act, in order to prevent its evasion and the defeating of its plain purpose by a debtor, who, instead of using a proper mortgage by a conveyance on conditions, upon which an equity of redemption, technically, would arise, substitutes therefor a species of conveyance, which has grown into common use as a security for debt, under the name of deeds of trusts, and is substantially a mortgage uúth a power of sale. In that case the Court was obliged to bold, that the resulting rust was in the nature of an equity of redemption, and therefore within the second section of the Act of 1812. But that reason does not apply to the rights of vendor and vendee under articles, which was not a case within the contemplation of the legislature, or within the mischief then to be redressed, as that is not a usual mode for debtors to give a security for their debts, but only contains the terms of the contract of sale, upon the observance of which, by the parties respective^, each of them may entitle himself to a decree for a specific performance. It is only when the whole purchase money.has been paid, that the interest of the vendee may be taken on execution, and then it is not as an equity of redemption, but as a pure trust under the first section of the Act. The Court, therefore, holds, that the plaintiff gained no title under his purchase of the lot, nor any right, which can enable him to call for a conveyance, to his-own use, from Carter upon the payment of the purchase money to- him.
 

 The bill however seeks other relief, and of a different character. It is that the debt toCarter, and all the judgments against Boon and Frost, as well as those that were satisfied by the sale, as those remaining due to the plaintiff, may be declared liens on the premises, and a sale
 
 *501
 
 decreed, for their satisfaction, and that the plaintiff may be substituted for Carter, and the other judgment creditors, and receive all those sums to his own use.
 

 In opposition to this claim of the plaintiff, the defendant Reynolds, in the first place, sets up the assignment to himself prior to the filing of the bill, and that would be an effectual bar to relief, in respect of the judgments, if the assignment were for valuable consideration, and
 
 bona fide.
 
 For, as the executions did not bind the premises, the creditor could create a lien only by filing their bill to charge this property; and an assignee before that holds,
 
 Harrison
 
 v. Battle, 1 Dev. Eq. 537.
 
 McKay
 
 v.
 
 Williams,
 
 1 Dev. and Bat. Eq. 398. But of course a fraudulent assignment, made to defeat the judgments, or without consideration, as was mentioned in the case last cited, forms no impediment to the relief. Of that character the Court must deem the assignment here. As far as can be seen upon the evidence, the defendant Frost owed nothing to the other defendant Reynolds. The answer states, that he owed him $60 on a bond, and also $76 1§ on an account. But the bond has not been produced, nor any proof given that it ever existed. An account for $76 1$ was exhibited with the answer; but there is no evidence to substantiate its truth ; and besides it is actually receipted in full under the date of January 20th, 1841, more than two years before the assignment to Reynolds. There must, therefore, be a declaration, that Reynolds did not take his assignment, to secure or satisfy the debts mentioned in his answer, nor upon any valuable consideration, but that the same is fraudulent against the creditors of Boon Frost. This leaves the plaintiff’s case to stand upon his rights or against the defendant Frost himself. His claims are of three kinds, and it will be proper to consider each by itself.
 

 As a creditor by his own two judgments, one of which he alleged to be altogether due, and of the other nearly the whole, the plaintiff is entitled, upon settled princi
 
 *502
 
 pies, to satisfaction, or to the lot, as the equitable property of his debtor.
 
 McKay
 
 v.
 
 Williams,
 
 1 Dev. and Bat. Eq. 398.
 
 Brown
 
 v.
 
 Long,
 
 1 Ired. Eq. 190. It
 
 is
 
 admitted, that the debtor has no other property out of which satisfaction can be had, and the executions have been returned
 
 nulla bona,
 
 except as to these premises; and the Court has already said, they were not subject to executions.
 

 But the claim upon the satisfied judgments stands upon a different ground. The plaintiff does not come into Court as the purchaser of these judgments, and seek to set them up as subsisting judgments. On the contrary, he admits they arc satisfied by the return of that fact on the executions, and the payment of the debts to the executors by the Sheriff. But he says, they were satisfied with his money, which under a mistake he paid as the price of this lot, which the SheriiT had not authority to sell; and therefore, that he ought to be substituted for the execution creditors, and be allowed to set up the judgments again in this Court, or, at all events, to claim the sum he paid, as a debt against Boon Frost, and have a decree for satisfaction out of the premises. But the Court is of opinion, that in neither aspect is he entitled to relief at present.
 

 This Court cannot set up the satisfied judgments again for the purpose of charging the debtor’s equitable property. They are extinguished at law by payment in due course of law, obtained by selling the debtor’s property, or a piece of land as the debtor’s legal property; and we are not aware of any principle, on which equity can put them on foot again for the benefit of any person. Certainly it could not be done at the instance of the creditors in those judgments; as they are satisfied, and that not in a way, that will not amount to payment at law, because of the officious act of a stranger, but out of the land regularly offered for sale under the executions as the legal estate of the debtor. For the like reason, it bahnot be done at the instance of the purchaser at the
 
 *503
 
 execution sale. Confining ourselves to the facts in this case, it is to be remarked, that the Sheriff did not profess to sell the precise interest of Boon Frost in this lot, as that of a vendee by articles, or as a trust, or an equity of redemption; but his sale and conveyance were of the lot itself in fee, as the legal estate of the defendant. The act of the Sheriff, then, purported to be within the scope of his authority; and consequently the contract of purchase was binding on the plaintiff, and he was obliged to pay his bid, although his title to the lot should prove defective ; as every purchaser at Sheriff’s sale gets only the title of the defendant in execution, and buys at the risk of getting none.
 
 Pool
 
 v.
 
 Glover,
 
 2 Ired 129. For, as he is entitled to a conveyance from the Sheriff for the most inadequate price, so he must fulfil his part of the contract, though he may not get what he hoped for. There is no precedent for relief in equity to a purchaser at Sheriff’s sale, against the defendant in execution, upon the ground of a defect of title, where there was no fraud, neither upon the proper and original rights of the pur» chaser, nor by substitution to those of the creditors. There cannot be, for the purchaser always gets what he thought, or ought to have thought, he would get; that is to say, the debtor’s estate, whatever it might chance to be. The plaintiff’s contract was for the land, or the supposed title of Frost to the land ; and it was not, in form or in substance, a purchase of the judgments, but a legal payment of them, which was to extinguish them ; and, consequently, the plaintiff could not claim an assign, ment of them, so as to make 'them enure to his benefit in a Court of Equity. Then, if the plaintiff claim to be relieved upon the ground, that he got no title to the land, and that, the condition failing, he paid the money to the debtor’s use ; the answer is, that a very just claim arises upon those facts, but that it is not one, within this jurisdiction, and in the state in which the claim is. Before the Act of 1807, Rev. St. ch. 45, there was no legal
 
 *504
 
 remedy for a purchaser, when the property was not in the defendant in execution ; because, as before said, he purchased at his risk. Equity did not undertake to supply that deficiency in the law; for it was a question of pure legal policy and right, and there was no ground, on which the Court of Equity could interpose, and it was never done. It was, however, considered for the benefit of the debtor and but just to the purchaser, that the sale of the sheriff should be deemed so far the sale of the defendant himself, as to make the latter liable for the title, and upon a total defeat of property in the things sold, liable for the sum paid by the purchaser and interest thereon ; and accordingly the statute gives an action on the case for the recovery thereof. The plaintiff has, by the Act, an adequate legal remedy, and therefore cannot sue in Equity. If, indeed, there ever had been a jurisdiction of this subject in this Court, it would not be ousted by a concurrent jurisdiction, merely, being created at law. But there never was such a jurisdiction in any Court, until that conferred in 1S07, and that is restricted to the action at law against the debtor and is fully adequate. It is true that here the plaintiff docs not ask to change the jurisdiction, simply for the purpose of having a personal decree for the money, but he seeks satisfaction out of the equitable property of the debtor, upon the ground that he is insolvent and has no legal property that can be found. But as the demand is a legal one, namely, for the money paid for the lot, to which there Avas no title, it is indispensable to a bill for satisfaction here, that the plaintiff should have brought his action at law, in the first instance, to establish his demand, and issued a
 
 fieri
 
 facias, so as to shew, that satisfaction could then in no other manner be had.
 
 Brown
 
 v.
 
 Long,
 
 1 Ire. Eq. 190.
 
 Hendricks
 
 v.
 
 Robinson, 2
 
 Johns. C. C. 306.
 

 With respect to the residue of the purchase money due to Carter, the plaintiff is clearly entitled to relief. The plaintiff Avas a stranger to the contract between Carter
 
 *505
 
 and B. Frost, and the advance of money by the plaintiff did not (as the payment of the purchase money in the other cases to the sheriff did) operate as the payment of the debt to Carter and extinguish it; but in good conscience, it entitles the plaintiff to call on Carter to do every act necessary to secure him in that sum, as by assigning to him Foot’s bond, and conveying the legal title of the lot to him, if necessary to enforce the payment of the residue of the purchase money to the plaintiff. He is strictly the equitable purchaser and assignee of all Carter’s rights, and the right to the money entitles him to insist that the lot should be declared a security to him for it.
 

 It must be declared, therefore, that the plaintiff is entitled to have the sums due to him, in respect of the residue of the purchase money and interest thereon, and also in respect of his two judgments against Boon Frost for $100 each, and his costs in this suit, raised by a sale of the premises, if not paid without a sale by the defendants, Frost and Reynolds, or one of them, within a reasonable time ; and it must be referred to the cleric to inquire what is due to the plaintiff upon his said demands.
 

 Per Curiam.
 

 Decree accordingly.